**In re Anonymous No. 22 D.B. 76**

Disciplinary Board Docket no. 22 D.B. 76.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MUNDY, *Member,* March 2, 1988 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania submits the following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## HISTORY OF PROCEEDINGS

Petitioner was disbarred by order of the Supreme Court on February 28, 1977 following his conviction on November 3, 1975 in the U.S. District Court for the [ ] District of Pennsylvania on a charge of conspiring to smuggle Mexican gold into the United States. This is petitioner's second attempt at reinstatement. A prior petition was denied by the Supreme Court in 1983.

Petitioner is 74 years of age. He was admitted to the bar in 1942. He was, for the most part, engaged in the private practice of law in [ ] County prior to his federal court conviction. As the result of his having been found guilty of conspiring to smuggle

Mexican gold with a value of between $860,000 and $1.6 million into the United States, petitioner was sentenced by the Honorable [A] to three years' probation and fined the sum of $5,000.

Petitioner's initial petition for reinstatement was denied because of conduct which occurred subsequent to his disbarment. The original hearing committee found that petitioner had failed to notify the [B] bar, where he had been previously admitted, of his disbarment; failed to disclose the existence of pending lawsuits in a petition for bankruptcy which he had filed in Pennsylvania subsequent to his disbarment; failed to disclose the fact of his disbarment in two different non-legal job applications; and failed to adequately acknowledge guilt and remorse during the reinstatement proceedings. On the basis of these facts, the hearing committee and the disciplinary board recommended that the original petition for reinstatement be denied.

The instant petition was filed on August 13, 1985 and referred to Hearing Committee [ ]. A hearing on the issue of reinstatement took place on December 19, 1986, 17 months after assignment to the hearing committee. The hearing committee's report recommending against reinstatement was issued on June 1, 1987.

In its initial consideration of this matter, the board decided to remand to the hearing committee for a specific finding on the threshold issue of whether the magnitude of the breach of trust for which petitioner was originally disbarred would permit the resumption of practice by petitioner in accordance with the principles set forth in *Office of Disciplinary Counsel v. Keller*, 509 Pa. 573, 506 A.2d 872 (1986). In this context, the hearing committee was asked to determine whether a resumption of practice by petitioner would have a detrimen-

tal effect upon the integrity and standing of the bar or the administration of justice or would in any way subvert the public interest.

In a "supplemental hearing committee opinion" filed on November 30, 1987, the hearing committee concluded that petitioner's 11 years of disbarment is a sufficient period of time to satisfy the *Keller* test. In fact, the Office of Disciplinary Counsel agreed in its supplemental brief that the passage of 11 years "has served to dissipate the magnitude of the misconduct that resulted in disbarment."

The matter was then re-referred to the disciplinary board for consideration of the hearing committee's overall recommendation against reinstatement.

## DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Since his disbarment, petitioner has been employed in a variety of sales positions selling area wall maps, typewriters and adding machines, industrial chemicals and the like. He has resided in [C] state for the past 10 years. The hearing committee credited him for his effort to maintain his family despite limited employment opportunity during the period of his disbarment.

At the hearing, petitioner presented, as a character witness, [D], who was described by the hearing committee as "compelling and forceful" in describing petitioner's participation in church activities and membership on various church boards and committees for many years. The hearing committee determined, based on this and other evidence presented at the hearing, that petitioner has indeed demonstrated the requisite moral qualifications for resumption of the practice of law by clear and convincing evidence.

However, the hearing committee also concluded that petitioner had failed to meet his burden of proof regarding his competency and learning in the law and, for that reason, recommended against reinstatement. On this point, petitioner offered undisputed evidence that he had attempted to comply with the literal direction of rule 89.279 of the disciplinary board rules and procedures by completing the four-day legal practice course sponsored by the Pennsylvania Bar Institute and the [   ] Bar Association in 1985.* The subjects covered by this course include those specified by the board rule.

---

* The rule reads as follows:

"89.279 Evidence of competency and learning in the law.

"(a) *General rule* — In order to permit the board to determine under Enforcement Rule 218 (relating to reinstatement) whether a formerly admitted attorney who has been disbarred or suspended for more than one year possesses the competency and learning in the law required for reinstatement to practice in this commonwealth, such a formerly admitted attorney shall within one year preceding the filing of the petition for reinstatement take (and prior to hearing on the petition, complete) courses or lectures meeting the requirements of the current schedule of subjects published by the Office of the Secretary under subsection (b).

"(b) *Schedule of subjects* — At least annually the Office of the Secretary shall publish in the Pennsylvania Bulletin a schedule of the minimum number and type of Pennsylvania

In addition, petitioner subscribed to Pennsylvania's appellate court advance sheets in 1981. The hearing committee found that a literal compliance with this provision is not conclusive on the issue of whether a petitioner has demonstrated by clear and convincing evidence the requisite professional competency and learning in the law to justify reinstatement. Because petitioner had admittedly been totally away from the law during the time of his disbarment, living in another jurisdiction and working in jobs that did not bring him into contact with the law, the committee felt that some stronger evidence in the form of "satisfactory completion of course work," or "working under the supervision of an admitted attorney" would be necessary in order for petitioner to sustain his burden on this issue.

We agree with the hearing committee's assessment that while literal complance with the board rule is acceptable as evidence of the prerequisite competency and learning in the law, it is not necessarily conclusive on that issue. Whether further evidence will be required of a petitioner will depend upon the facts and circumstances in each individual application for reinstatement. Such circumstances as whether or not the suspended lawyer has spent some substantial part of his period of suspension in-

---

Bar Institute courses and lectures which will satisfy the requirements of subsection (a). Except as otherwise provided in the currently published schedule, courses or lectures on the following subjects will satisfy the requirements of subsection (a):

"(1) Estate planning, creditor's remedies and bankruptcy, civil litigation, business law, administration of estate, consumer transactions, real estate transactions, and family law; or

"(2) in place of any two of the courses or lectures in the preceding paragraph, criminal procedure or criminal trial techniques."

volved in law-related work such as being a paralegal or law clerk, whether the period of suspension is relatively short in comparison to the years of practice which preceded it, and the law-related reading material to which the petitioner regularly subscribed during the suspension are examples of the type of circumstance which should be scrutinized to determine whether the burden has been met satisfactorily.

In this instance, we disagree with the hearing committee's conclusion that the instant petitioner failed to satisfy this requirement. We note that petitioner, who is 74 years of age, seeks reinstatement in Pennsylvania so that he may return to his domicile in [C] and seek admission to practice there. We further note that his primary goal is to "clear up my status for the sake of my family." We believe petitioner's advanced age and his goal of redeeming his reputation are also factors that should be considered in determining whether literal compliance with the board's rule on this issue will constitute sufficient proof on this point.

Petitioner also makes a valid point concerning the reasons why he last took the legal practice course in 1985. It was in August of that year that his petition for reinstatement was filed and the matter assigned to the hearing committee which presided over the case. Petitioner protests that he should not bear the blame for the fact that it took a hearing committee 17 months to hold an evidentiary hearing on this matter and another six months to render an opinion thus causing a 22-month delay between the time when petitioner took the course and the time when a decision by the hearing committee was rendered. We agree. This delay was inexcusable and intolerable and should in no way mitigate against petition-

er on the issue of demonstrating the requisite degree of knowledge and competency in the law.

The hearing committee made reference to the fact that petitioner appeared to have been a competent and skillful attorney in the years prior to his disbarment. While we agree with the hearing committee's premise that a literal compliance with the rule does not in every case satisfy the burden of proof on this issue, we cannot agree with the conclusion that a greater burden should be placed upon this petitioner in view of his years of practice and advanced age. Considering the attendant circumstances to this petition, as well as the purpose for which reinstatement is sought, we find it unrealistic to require petitioner to exceed the literal requirements of board rule 89.279 in order to prove his competency in the law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The disciplinary board of the Supreme Court of Pennsylvania adopts the following findings of fact and conclusions of law in this reinstatement proceeding:

(1) Petitioner has not practiced law since the effective date of his disbarment.

(2) Petitioner has complied with all of the rules relating to the furnishing of notices of his disbarment since the time in which his initial petition was rejected.

(3) During petitioner's 11-year period of disbarment, he has reformed his life, supported his family and earned for himself a position of respect in his community.

(4) Petitioner has satisfied the threshold burden that his resumption of the practice of law would not have a detrimental effect upon the integrity and

standing of the bar or the administration of justice and would not be in any way subversive to the public interest.

(5) Petitioner has met his burden of demonstrating by clear and convincing evidence that he has the moral qualifications, as well as the requisite competency and learning in the law, required for admission to practice.

## RECOMMENDATION

The disciplinary board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court and the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition of reinstatement be borne and paid for by said petitioner.

Mr. Schwartzman abstained. Mr. Keller did not participate in the adjudication.

## ORDER

And now, June 6, 1988, upon consideration of the report and recommendations of the disciplinary board dated March 2, 1988, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.